**Stratton O. HAMMON, Appellant,**

v.

**JEFFERSON COUNTY, Kentucky, et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 18, 1963.

Gavin H. Cochran, Peter, Heyburn & Marshall, Louisville, for appellant.

Charles W. Dobbins, County Atty., J. W. Jones, Charles P. Sutt, Jr., E. P. Sawyer, Louisville, for appellees.

BIRD, Judge.

On September 3, 1947, the Fiscal Court of Jefferson County employed Stratton O. Hammon and an associate to perform architectural services requisite to the erection of a new county building in and for Jefferson County.

The parties signed a comprehensive written contract providing for the performance of substantially all necessary architectural services, described in the contract as follows:

"1. The Architect's Services.—The Architect's professional services consist of the necessary conferences, the preparation of preliminary studies,

working drawings, specifications, large scale and full size detail drawings; the drafting of forms of proposals and contracts; the issuance of certificates of payment; the keeping of accounts, the general administration of the business and supervision of the work."

By the term of this contract the *fiscal court agreed to pay the architects a fee of six percent of the cost of the work,* cost of work being construed by the contract as meaning cost of construction to the owner, providing however for certain specified exclusions.

Paragraph 17 of the contract provides as follows:

"17. The Fiscal Court reserves the right to cancel the contract at any time before detailed drawings are started, and should said contract be cancelled prior to said time, a reasonable fee not exceeding $5,000.00 shall be paid to the architect."

Hammon and his associate began work under the contract and notified the fiscal court in November 1947 that preliminary studies had been made and *that detailed drawings had been prepared.* Subsequent to this notice, the parties did on January 2, 1948, due to problems of finance, modify the contract so as to provide for a less expensive construction. The modified contract also provided for a computation of compensation differing somewhat from that in the original contract. Subsequent events make it unnecessary for us to discuss this change in detail.

However, the modified contract did incorporate the following order of the fiscal court:

"IT IS FURTHER ORDERED AND DIRECTED: That no further services shall be rendered by the architects, nor further obligations incurred by the court, under the terms and conditions of the contract hereinabove referred to, or at all, unless this Court orders said additional services, provided however, after this Court has examined said preliminary studies and has received such additional reports as it may obtain, if it determines to go ahead with the project and does go ahead with it, then it shall direct said architects to complete the services provided for under said contract, to all of which Stratton O. Hammon and Walter C. Wagner being present in Court agree, but with the approval of this court, *they reserve the right to make all others claims under the order of September 3, 1947, and the contract mentioned therein in the event payment is not ordered by the Court under the terms of this modified agreement as herein set out."* (Emphasis added.)

The fiscal court did not pay as provided in the foregoing order but rather cancelled the entire contract on January 21, 1948, by the adoption of a resolution in words and figures as follows:

"RESOLVED that the contract entered into with Stratton O. Hammon and Walter C. Wagner as shown in Order Book 53 page 188 and as modified on January 2, 1948 be terminated and cancelled as of January 21, 1948 and that the Clerk of this Court furnish to each of said architects an attested copy of this resolution, same to be furnished forthwith."

Previous to the date of modification and cancellation the fiscal court had paid the sum of $3,000 on account for services rendered. Upon cancellation the architects charged the fiscal court with breach of contract and filed claim for $267,000 in damages resulting from the breach of contract, giving credit however for the $3,000 previously paid. The fiscal court denied the claim and it thereafter found its way through proper channels into the Jefferson Circuit Court wherein a judgment was entered denying the claim and dismissing the action.

Architect Hammon has alone appealed to this Court.

Perhaps we should note here that the first study by the architects produced plans for a building the cost of which was estimated at or about $6,000,000. The fiscal court complained that the cost was too much.

Further study was made and, thereupon, plans were produced for a building the cost of which was estimated at or about $4,500,000. The claim for damages was computed at six percent on the lower figure.

 We agree that whatever claim Hammon has for compensation or damages may be collected under the provisions of the original contract. The reservation of this right in the modified contract is too clear for cavil. Hammon's right to recover is dependent upon the operation of the original contract and its construction. Except for his reservation of right the modified contract may henceforth be ignored.

The fiscal court had the right to cancel the contract any time before detailed drawings were started. In this case the detailed drawings were started without notice to the fiscal court that the architects had completed their preliminary studies and were ready for detailed drawings. In fact there is no specific provision of the contract requiring the giving of such notice. However, the right of the fiscal court to cancel is lost after the start of detailed drawings, and this Court is now and for the first time holding that this extremely valuable right shall not be denied except upon notice that the time for detailed drawings is at hand and upon specific authority to proceed with such drawings. The fact that the right to cancel is lost upon the start of detailed drawings is sufficient to imply a right to notice and a grant of authority to proceed.

And further, where there is a peculiar relation of a confidential and fiduciary character which gives to one of the parties an undue advantage over the other, the law requires the utmost degree of good faith in all transactions between them. Consequent-ly we must hold here that there was an implied obligation on the part of the architects to give notice that they were ready to proceed with detailed drawings.

Hammon had no authority under the original contract to proceed with detailed drawings until after notice and the fiscal court had the right to cancel until such time as it granted the authority to proceed. Such authority was never granted.

Having relied on the original contract any recovery by Hammon must be limited by Paragraph 17 of the original contract.

The judgment is affirmed.